## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> MCINERNEY CONSULTING, INC. d/b/a CASTLE COLLISION CENTER, an Illinois Corporation, <br><br> Defendant. | CASE NO.: 25-cv-15608 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND"), the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND"), and the AUTOMOBILE MECHANICS' LOCAL NO. 701 DEFINED CONTRIBUTION RETIREMENT FUND ("401(k) PLAN") (collectively referred to as the "Plaintiffs" or the "TRUST FUNDS"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant MCINERNEY CONSULTING, INC. d/b/a CASTLE COLLISION CENTER ("CASTLE COLLISION"), as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. §§ 1132 and 1145. The Court has jurisdiction over the subject matter of this claim pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the TRUST FUNDS are administered in Burr Ridge, Illinois and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Aerospace Workers, AFL-CIO, of Chicago and Vicinity ("Union"), and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37).

4. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions and deductions.

5. CASTLE COLLISION is an Illinois corporation with its principal place of business located in Elk Grove Village, Illinois.

## COUNT I - BREACH OF THE CBA

6. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-5 of this Complaint with the same force and effect as if fully set forth herein.

7. CASTLE COLLISION is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a collective bargaining agreement ("CBA") with the Union on September 1, 2021, for the period of September 1, 2021, through March 29, 2026. (A copy of the CBA is attached as **Exhibit 1**).

8. On September 1, 2021, CASTLE COLLISION entered into Participation Agreements with the PENSION FUND and WELFARE FUND. (A copy of the PENSION FUND Participation Agreement is attached as **Exhibit 2**); (A copy of the WELFARE FUND Participation Agreement is attached as **Exhibit 3**).

9. Through the CBA and Participation Agreements, CASTLE COLLISION agreed to be bound by the provisions of the Agreements and Declarations of Trust which created each of the respective TRUST FUNDS (hereinafter referred to as the "Trust Agreements"). (A copy of the PENSION FUND Trust Agreement is attached as **Exhibit 4**); (A copy of the WELFARE FUND Trust Agreement is attached as **Exhibit 5**); (A copy of the 401(k) PLAN's Trust Agreement is attached as **Exhibit 6**)

10. Pursuant to the authority granted to them in the Trust Agreements, the Trustees of the PENSION FUND and WELFARE FUND adopted a Collection Policy and Payroll Audit Procedures ("Pension and Welfare Collection Policy"). (A copy of the Pension and Welfare Collection Policy is attached hereto as **Exhibit 7**).

11. Pursuant to the provisions of the CBA, Participation Agreements, Trust Agreements, and Pension and Welfare Collection Policy, CASTLE COLLISION is required to make monthly reports of the number of weeks worked by bargaining-unit employees and pay contributions to the PENSION FUND and WELFARE FUND for each week that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA.

12. The monthly reports and contributions during all relevant times were due on or before the tenth (10th) day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**); (**Exhibit 7**).

13. Pursuant to 29 U.S.C. §1132(g)(2), the provisions of the their respective Trust Agreements, and the Pension and Welfare Collection Policy, employers who fail to submit monthly reports and contributions to the PENSION FUND and/or WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at the rate of one percent (1%) per month, and any reasonable attorney's fees and costs associated with collection of amounts owed. (**Exhibit 7**).

14. Pursuant to the authority granted to them in the Trust Agreement, the Trustees of the 401(k) PLAN adopted a Revised Collection Policy and Payroll Audit Procedures ("401(k) Collection Policy"). (A copy of the 401(k) Collection Policy is attached hereto as **Exhibit 8**).

15. Pursuant to the CBA, CASTLE COLLISION is required to make authorized weekly pre-tax deductions from its enrolled employees' wages as an elective deferral to the 401(k) PLAN in an amount elected by each employee. (**Exhibit 1**).

16. The CBA further provides that elective deferrals shall be remitted to the 401(k) PLAN no later than the fifteenth (15th) day of the month following the pay period for which the deductions are made. (**Exhibit 1**).

17. Pursuant to 29 U.S.C. §1132(g)(2), the 401(k) PLAN's Trust Agreement, and the 401(k) Collection Policy, CASTLE COLLISION's failure to timely submit elective deferrals deductions to the 401(K) PLAN results in a one-time charge of ten percent (10%) liquidated damages for all delinquent elective deferrals, interest at a rate of one percent (1%) per month from the original due date until all outstanding elective deferrals are paid

in full, and any reasonable attorney's fees and costs associated with collection of amounts owed. (**Exhibit 6**); (**Exhibit 8**).

18. Pursuant to their respective Trust Agreements and collection policies, the TRUST FUNDS are entitled to conduct payroll compliance audits of signatory employers. (**Exhibit 4**); (**Exhibit 5**); (**Exhibit 6**); (**Exhibit 7**); (**Exhibit 8**).

19. Article VI, Section 5 of the PENSION FUND's Trust Agreement, Article VI, Section 5 the WELFARE FUND's Trust Agreement, and Article 6, Section 6.05 of the 401(k) PLAN's Trust Agreement all provide in pertinent part:

> Each Employer shall promptly furnish to the Trustees, on demand, the names of its Employees, their social security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may at any time have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

(**Exhibit 4**); (**Exhibit 5**); (**Exhibit 6**).

20. The TRUST FUNDS have sought to conduct a payroll compliance audit of CASTLE COLLISION for the period of January 1, 2020, through present.

21. On several occasions, the TRUST FUNDS' auditor has contacted CASTLE COLLISION requesting copies of records and documents required to complete a payroll compliance audit.

22. To date, CASTLE COLLISION has failed to produce all records requested by the TRUST FUNDS' auditor.

23. CASTLE COLLISION has a continuing obligation to pay contributions and elective deferrals to the TRUST FUNDS and, as a result, additional monies may be owed.

24. Plaintiffs have been required to employ the undersigned counsel to compel CASTLE COLLISION'S compliance with the payroll compliance audit.

25. CASTLE COLLISION is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Trust Agreements, respective collection policies, and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court enter an order requiring Defendant CASTLE COLLISION to comply with a payroll compliance audit and produce any and all records necessary to complete the audit for the period of January 1, 2020, through present;

B. Judgment be entered in favor of the TRUST FUNDS and against Defendant CASTLE COLLISION for all contributions, liquidated damages, and interest revealed by the payroll compliance audit, along with the costs of the audit;

C. Judgment be entered in favor of the TRUST FUNDS and against Defendant CASTLE COLLISION for any other contributions, 401(k) elective deferrals, liquidated damages, and interest that may become due and owing;

D. Defendant CASTLE COLLISION be ordered to pay the reasonable attorney's fees and costs, including audit costs, incurred by the Plaintiffs pursuant to the Trust Agreements, collection policies, and 29 U.S.C. § 1132(g)(2)(D); and

E. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant CASTLE COLLISION's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND** *et al.*

/s/ Edward P. Barry – 6348821
*One of the Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 788-2917
barry@johnsonkrol.com